Good afternoon, Illinois Appellate Court, 1st District Court is now in session, the 6th Division, the Honorable Justice Sanjay T. Taylor presiding, case number 24-1492, Country Preferred Insurance v. Imelda Bennett. Good afternoon, my name is Sanjay Taylor, I'm the presiding justice of the 6th Division of the 1st District Appellate Court. I'm joined by my colleagues this afternoon, Justice Michael Hyman and Justice Carl Walker. I see both counsel present, if I can ask counsel to introduce themselves and counsel for appellant, each counsel will have 20 minutes in total. If I can also ask counsel for the appellant, how much of the 20 minutes he would like to reserve for rebuttal. So, if I can start with counsel for appellant. Yes, Mike Kaczmarek for defendant and counter plaintiff Imelda Bennett. We'd like to have a 15 minute argument and 5 minutes for rebuttal. Thank you, Mr. Kaczmarek. Good afternoon, Your Honor, David Jenkins for the plaintiff appellee, Country Preferred Insurance Company. Okay, good afternoon, Mr. Jenkins. Okay, Mr. Kaczmarek, we'll begin. This is a case where the question is reasonably asked, what is the insured reading the plain and ordinary language of this policy supposed to do? And there's a conflict in the policy which makes that decision not an easy one. Reading the policy as a whole, Country Preferred cites the language which states that for underinsured motorist claims, they will be barred unless commenced within two years of the date of accident. However, there's another provision in the policy which states that the insured must make their demand for arbitration if no agreement is reached as to liability or damages. And for shortening, I would like to just refer to that as an impasse because saying all that takes a while. Mr. Kaczmarek, let me ask you a quick question, though. When that last provision that you referred to, that agreement is between whom, as you understand it? That is the condition preceded that Country Preferred has in their policy that Bennett would have to comply with. There has to be an impasse before a demand for arbitration can be made. In fact, there must be because they use the word must, which is a very loaded word. You must have this impasse before and then you have this right to make your demand for arbitration. An impasse as to whom? An impasse as to any agreement as to liability or damages. An impasse as to what two entities? Between Country Preferred and Bennett. They can't agree on who's at fault or they can't agree on how much damages there are. So then what does that have to do with the agreement that Bennett is attempting to make with the uninsured, underinsured motorists? It doesn't demand that everything is stayed indefinitely. What it demands is that there has to be this breakdown between Bennett and Country Preferred. The case against the underinsured could go on for months or years. That's not the issue. The issue is when are you supposed to make your demand? And the policy says you make this demand when between Bennett and Country Preferred there's an impasse as to the amount of the liability or the amount of damages. So is it that you make the demand when there's an impasse only or do you make the demand when there's either an impasse or you're getting ready to the two year period is about to expire? That is where the ambiguity comes in, because if Bennett made a demand within two years, but there'd been no impasse on liability or damages, Country Preferred could take the position that that's a nullity. You must make your demand when there's an impasse. I'm confused where you come up with this word impasse. I don't see that word in that paragraph. Where do you come up with this impasse? I'm using that word because it says if no agreement as to liability or damages can be reached. And that's kind of a mouthful. I'm using the word impasse as a shorthand way of saying, if no agreement is reached as to liability or damages. Where's this? It says. It doesn't actually say that, does it? You must make your demand. But the words you just read aren't the words in the paragraph, right? That's not, it doesn't say that. Well, I believe that's. Whether the insured is legally entitled to recover damages. That's what it says, right? Let me pull that up. All right. Reading it as I appears here, it's if there is no agreement as to liability or damages, that is when the insured must. Wait, where's that? I'm looking at it. I don't see those words. What I see is. If agreement can't be reached on the amount of damages. Am I wrong? Sorry. Under arbitration, if we have the insured disagree over whether that insured is legally entitled to recover damages from the owner operator of an uninsured or underinsured motor vehicle, or if an agreement cannot be reached on the amount of the damages, the insured must make a written demand for arbitration. Those are the words that we're talking about.  And so what you said about impasse, I don't see that in there. Where do you come up with impasse? Well, the impasse would be a benefit and country preferred could not agree on the amount of damages or on the liability. It doesn't say amount and it says recover damages entitled to legally entitled to recover damages.  Or if agreement can't be reached on an amount of damages. So let's look at the clause because you keep going to the 2nd clause, which is after an or and an or means either. Right. Is that correct? Are you with me? Okay, so that can stand on its own. If agreement can't be reached in the amount of damages, and there was no agreement reached in the amount of damages. Was there correct? Okay. So that being the case, why went paragraph 7 makes it very clear that you have 2 years from the date of the accident. To make it a demand. That is 1 way to read the 1 way it's, it's, it's actually the you wrote a letter that you talk about in your brief. It stated October 7, 2022. And that is your demand letter. Isn't it. Correct. And in your demand letter, the 1st paragraph, there are 4 sentences, 3 of which go to this issue that we're talking about. Because in that letter, you must have been worried about timing because the 1st paragraph has to do with timing. That is that are you within the period of time to make your demand. And what you did is you rely on a case called Glenn versus prestige casualty company. That case is not discussed by you in the brief before us. At all. It's not mentioned not discussed. So you abandoned that argument, which you lost below. Why is that argument no longer valid? I assume it isn't general against you on it. Well, that that case was, I was arguing by analogy to that case. So it wasn't that doesn't know what you said. You didn't say analogy. You said. The difference, let's be frank. There is a difference between that case in our case before this case. Isn't there. You know what the difference is. What's the difference. I would have to look and in that case, talk about loss. In this case, talks about the date of the accident. What the judge talked about and what I read both cases. I read the judge's decision. I read Glenn and I read all the decisions that are cited, which aren't very many. In fact, very few. So, considering that you made the position that you had 2 years because of Glenn, but if that turns out to be wrong. Am I correct. Correct. Okay. A different you try a different tactic. And my question is that I don't see 1 case in your brief. That supports your position, not a 1. There is no case that supports your position. Am I wrong? You don't say any case in your opening brief. Or your reply. All you do is distinguish in the reply. The case is cited by the other side in the opening brief. There's only. I mean, the cases you say are are cases that don't say what you say they say. There is no case directly on point interpreting this policy provision that we were able to find and we look very actually there are. It depends on what you mean by on point, because if you look at a slew of cases, it's been this way since the early 1990s. There are many, many cases that have this is standard language. Would you agree with me that these 2 paragraphs that you're talking about is standard in the industry. There's something word differences from time to time. But it may be say laws or say date of accident, but these are standard provisions. Correct. That I won't agree with because I have seen even from some of the work known as substandard insurance companies, making it very clear in their policy. That notwithstanding a provision as to what when there's a right to bring arbitration. We That provision doesn't go beyond the two years. Okay, well, here it's very clear. It's two years. So the question is, are there any other cases out there where despite trying to bring in ambiguity courts have held on a consistent basis. That two years means two years now. Now, why shouldn't we rely on those cases you say, oh, they're all different, but the issue is the same. It's it's ambiguity. And every court that has decided this issue and you haven't cited a single one. Otherwise, says it's unambiguous and you have two years. And in fact, that seems to be what was troubling you and your October 7 2022 letter. Otherwise, you would have said something differently. It's two years, unless there is some provision in the policy which conflicts with the two years. It's a question. It's ambiguous. Still question. This is a big US policy because this language that you rely on. That you, you know, say it's essentially in past language or if you look at the Actual language in the agreement. It's that a code agreement cannot be reached on the amount of damages. What I want to ask you is, or suggest to you is that you seem to be This was seen to introduce a very subjective standard. Right, and we're talking about limitations period. And so, you know, how would you define impasse? How would you define when agreement can't be reached? I mean, I can't tell you how many settlement conferences. I've been in where one side says there's no way we're going to settle this case and the other side says, you know, we're making progress. We should keep going, you know, and so I just don't understand. You know, the where this, you know, you follow this to this logical conclusion. I just don't see that there's any way to interpret this policy in a coherent manner when you're just relying on the subjective belief of one particular party. The standard, though, is one of the reasonable person and it's not whether Imelda Bennett understood it or her lawyer understood it. It's whether a reasonable objective person applying the plain and ordinary meaning of the English words would come to this decision that you had to wait till there was a absence of agreement on liability or damages to bring their demand for arbitration because I don't think you're answering the question, because the question was, you're trying to say it's this impasse and the judge's question had to do with, well, how do we know there's an impasse? I mean, isn't that why there's a strict two-year statute of limitations within the policy? Well, you definitely know where there's an impasse when country preferred files in action for declaratory judgment seeking to avoid coverage because it's their condition. You're not answering the question. The question is, again, I don't know if there's an impasse or not. That's a declaratory judgment. The impasse had to do with your underlying case, right? You're saying, I thought in your briefs, you're saying, well, we don't know. The impasse wasn't with country mutual. I thought you were trying to say something else. Am I wrong? Oh, your impasse is with country mutual all along and you couldn't file that within two years? It wasn't the state firm? Well, there was one provision in the country preferred policy saying that you have to commence your UM claim within two years, but there's also a provision in the same policy, which indicates that you must have a disagreement between country mutual and Bennett as to liability or damages, and then you must make your demand for arbitration. This could lead to perhaps two different demands for arbitration. You'd make a demand within two years. Country preferred could say that's null and void because there's been no impasse yet. Then you'd have to make another demand for arbitration when country preferred, as in this case, refused to settle with Bennett. Is that what the cases say? I mean, you say, let me just quote you, Meijer versus CC services. You said this decision construed a different provision and has no bearing on the case. Let me read from the decision, which said that it would enforce a two year statute of limitations. It also said that it would be told once the arbitration demand was made. And you haven't talked about that. Your example just now did not discuss told. But more importantly to what you're talking about, it says that nothing would prevent her from, in this case, the plaintiff, from acting diligently and complying with the limitations period. So that the insurance company knows and can plan ahead. So courts have discussed this in connection with the two year period. And there is a very simple way of reconciling the plain language, which has been discussed in many cases, all of which you. Distinguish on factors that are not relevant to the decision in this case. Am I wrong? Yes, Meijer stands for the proposition that you can have a two year period for bringing UIM claims in your policy. Meijer doesn't look at the other important issue because it wasn't raised as to whether that policy was ambiguous. Oh, oh, oh, oh, because America time is up. So I'm going to turn to Mr. Jenkins. What? Thank you, your honors. Once again, David Jenkins for country preferred. We ask that the summary judgment be affirmed again because Bennett did not make their arbitration demand within the two years of the accident. As required by the unambiguous provision in the policy, your honors have correctly pointed out the paragraph 7 specifically says that the suitor arbitration is barred unless commenced within two years. Mr. Jenkins, what about paragraph 3, though? Paragraph 3 says that they shouldn't submit a claim for arbitration until there's a disagreement amongst the parties. And there's been no disagreement as to your client and miss Bennett. Thank you, Judge. The and this has been addressed in the Ryan decision as well as some of the other decisions we address that the policy says that if if an agreement cannot be reached and an agreement cannot be reached, it doesn't say there's an impasse in the courts have pointed out. It doesn't I didn't use the word impasse. I said an agreement cannot be reached. So let's go back to the language that Mr. Kessler was using. But in case in point, an agreement cannot be reached during that time period if there's no attempt by the insured to even try to reach an agreement, if the insured doesn't reach out and say, hey, country mutual, we have a potential UIM claim. I think Justice Hyman or Justice Taylor provided us just a second. You provided us with we have at least I have two different versions of part three that arbitration clause in one part says that either party must make a written demand for arbitration. And there's another one that says that the insured must make a written demand for the. So, yeah, in the world, I'll see that a little bit first in the record. It's on on C32. The it's an amendatory provision. So, in other words, paragraph three, the arbitration provision that's in the body of the insurance policy was amended by the amendatory provision. I don't think there's been any dispute by the parties that were dealing with the amendatory one that says that the insured must make a written demand for arbitration. But it all makes no sense if you kind of think about it for a 2nd, you're saying that they need to demand arbitration and they need to attempt to resolve things with their own insurance company. But yet, at the same time, they're pursuing whatever coverage is available to this uninsured underinsured motorist. And you're expecting them to. So, if they ultimately are not able to make an agreement with that company within the. 2 year period, and they have, but that's the reason why they have not attempted to make an agreement with you. It just seems to me that we're putting them in a position where we're saying we want them to do that and do this at the same time. But it doesn't seem like that you would be willing to settle with them until they proven to you that there's no coverage over on the other side. So, it seems to me, and then when you take out the cost, I like the 1st class better in terms of supporting people who buy insurance as we all do. Rather than the new clause that you guys have created now, you put the burden on the short. Previously, the burden was on both parties to resolve this. And you flipped it and I guess all the other companies have done the same thing you've done because that's what that's what happens sometimes. Well, go ahead. I'll let you finish explaining because I like to listen. So I won't even ask any more questions. Go ahead. I love the question. So that's why I do appellate works. The cases have unanimously they've addressed this specific issue. There is no requirement that they even tried to negotiate with the insurance company. But in order to have due diligence by the insured, they have a specific date. That is the date of the accident. It creates certainty as to when that deadline is going to be. If no resolution has been made within those 2 years, then maybe then the insured should act diligently. In fact, from day 1, the attorney can write a letter that says, hi, I represent an insured. We're involved in an accident. We have a potential UIM or UM claim. We would like to initiate the claims resolution procedures and we are therefore demanding arbitration. My arbitrator is David Jenkins. If you'd like to hold this in abeyance until we actually resolve the rest of the claim, we can do so. By giving that notice, the insurance company says, OK, there's a possible UIM claim. In this case, 2 years go by after the date of accident with absolutely no communication from counsel other than, hey, I represent the plaintiff. So there's no request for arbitration of our uninsured motorist claim. Then more than 2 years go by, we finally get a letter saying, hey, I'm getting a resolution of the underlying case. So again, I think in order to accept Bennett's arguments, the court would have to overrule all the precedents from 1987 onward to now that unequivocally say there's a 2 year limitations from the date of the accident. In order to initiate claims resolution procedures, they make a demand for arbitration. They don't even have to attempt to negotiate or even reach an impasse with the insurance company to preserve that right. There's also tolling provisions as a statutory provision on tolling and proof of loss. So there's means by which an insured who at the end of 2 years does not yet have a resolution of their claim can still initiate and protect the rights to coverage. So in this case, your honors would have to, again, overrule a whole long line of cases that unanimously say it's 2 years from the date of the accident. I would like to talk about the mayor decision, which is the most recent one, which is on point. And I think a few things need to be noted on that. The dissenting judge, there was a concurring dissenting opinion in the mayor decision, which specifically makes the arguments that Bennett is making here. That there's a conflict between paragraph or section 7 and section 3 of the policies dealing with this question of, okay, do we allow a premature claim for arbitration or do we require that they negotiate and reach some impasse? And the court specifically rejected that argument. Again, in paragraph 22 of that opinion, they say the exact same argument that Bennett's making here. That the insured says a written demand for arbitration is not required unless the insurer and insurer are involved in a dispute concerning the damages or liability issues. And the court said, no, that's not the case. They have 2 years from the date of the accident and specifically says the fact that she's still negotiating with the driver who was at fault in the accident. And this is paragraph 40 of that opinion. The fact that they're still negotiating with that fault driver doesn't prevent her from complying with the insurance policy limitations provision. And the court specifically said that those sections do not conflict. So there is no ambiguity. It's a 2 years from the date of the accident. And there are still means by which an insured who has not yet, you know, reached out to the insurance company to make a resolution. What's your response to the argument in the reply brief that this case, Meyer, construed a different provision than the one issue here? Well, the mayor decision, I think quotes the provisions and the exact same one. And let me. That's a paragraph 23 to the decision. Yeah, the arbitration in the paragraph 7 is exact same provision. Any suit arbitration will be barred unless commenced within 2 years after the date of the accident. And if agreement cannot be reached, it's the same provision. I believe it's the exact same policy language. And again, it was quoted and discussed in the dissenting opinion, which obviously was not the. The result when the council says has no bearing on the case, I assume you would disagree. I disagree. Yeah. And it was, I think, highlighted in my brief is probably the most compelling case here. In that Meyer case, it was Justice O'Brien, who at the time was an appellate court justice. Now it's a Supreme Court justice actually found that the letter that you all received from the insurer was sufficient to give notice. In your honor, in this case, 2 things, number 1, the plaintiff does not even make I'm sorry. The insured Bennett does not even make an argument that they complied with the 2 year provision within the 2 years that any letter number 2, the record does not have a copy of any type of red letter. And they've admitted in the request to admit, which was submitted in court. Other than just to be clear on the facts here, other than making the claim, there was no other contact with your client, correct? There is advising them of the accident. There is nothing in the record here that reflects any communication other than the initial notice of the claim. And there's a reference to a letter that was done in June by the attorney. I don't believe it's in the record. But there was an identification of representation. But there's nothing in this record for the 2 year period. And in the first communication, again, didn't even reference demands for arbitration. It was in June of 20, I'm sorry, November of 2021. Did the amendment occur prior to this particular accident or was the amendment made after? Oh, the amendment was at the inception of the policy. It was just it's what they call an endorsement. It was at the inception of the policy. There was a reference to the insured contacting the insurance company. And asking for some information. When did that take place? Supposedly. Oh, there was no request for information there. The only reference that is in this record is on the response to the request to admit. Council indicated that there was a, like a letter of representation that may have been sent early on, but there was no. No letter and that there is a call from the insured herself or no, there may have been judged, but it's not in this record. I can't speak to whether there was 1. there is not 1 in this record. There has not been any facts indicating that there was contact. There's summary judgment on the issue of whether the insured had a copy of the policy. And in fact, the insurance council did not even respond to the. Respond to that motion judge, and they waved any argument on that. And I think it was. Clear they had a copy of the policy that issue is. Been resolved. Yeah, there was no counter affidavit in that case and that is on that issue. Correct. Yeah, we're aware of that. Mr. Jenkins, the way that this works. We have a underinsured coverage is that the insured is bothered an accident. And obtains a resolution of a claim against the. Other parties other driver. The underinsured driver, and it doesn't. The proceeds are insufficient to even cover the medical says here. That would then immediately trigger the. Underinsured coverage, but your position is that. The insured has to make a claim for it. If the shirt has to make the claim for that, and again, it doesn't it doesn't happen automatically, even in cases where there's medicals, they exceed the. Substantive carriers limit. Yes, the, the, there would be in order to pay off on the policy and this is again addressed in the Ryan decision, because I think they go through that. That if, if there is insufficient recovery from the at fault driver. Then they can pursue the claim for benefits under the policy. If it could be just resolved insurance company pays it. But if there's a disagreement, then the parties would arbitrate it. Uh, so Mr. Because Merrick says in his brief at 1 point that. The insurer had reached out to his insurer seeking advice. That's not enough to trigger a claim. No, it's not your honor again. That's also made clear in the body of cases that we've cited in the brief. That it's not sufficient just to notify the insurance company that there's a potential claim. There must be an unequivocal demand for arbitration. And under the insurance policy here, the country preferred it requires also the identification of the arbitrator. So, again, arbitrator arbitration be, I mean. Merrick's client purchased the policy that had underinsured coverage. So, why would you need to arbitrate it? If, for example. The medicals are in excess of. What was paid up on the other drivers policy. Well, the insured would submit the medicals to the insurance company. I'm sure they would review if there's no disagreement, they would probably. There'll be no arbitration that right? No arbitration needed if it was. I mean, presumably there'll be no arbitration in most cases. I can't answer that judge. I don't know the statistics on that, but could very well be. You know, the white head decision, the Illinois Supreme Court said that 2 years from the accident is enough time for the insured. To get the information necessary in order to put together and go to the insurance company. And if that 2 year period, they are not resolved, these issues are not resolved. They have a means by which either to toll it through the proof of loss or file a demand for arbitration. And those again are very simple steps. We cite the member select case in our brief. At least as a roadmap of what has happened. In fact, where an attorney within a couple of months makes his demand for arbitration, no further communications. And then 2 years after 2 years, you know, the. Yes, here, what do you need to make a demand for arbitration? I mean. To start the courts are saying in order to and I didn't mean to interrupt the in order to preserve the right. And if there has not been a disagreement, my limitations period is going to run. So I need to file my demand right now for arbitration. Again, it's a very simple paragraph. Or as they also suggest, there's ways to submit proofs of loss and told the limitations provision. It was going, though, if there's why does it need to be a demand for arbitration? When you're saying that. If the special damages medical bill, so forth. Are far more than that policy, the 20 or 25,000 dollar policy that the underinsured motorist had. Then the insurance company, it seems as though that they would just that once they got those bills, they just cover them and there would be no need for arbitration. Does there even need to be a demand for arbitration where we know we're talking about an underinsured motorist and that it seems that my insurance company would be willing to cover for my medicals. There may not ever be a need for a demand for arbitration. If the if the process has started earlier and they submit the medicals, you must understand. It sounds like I got your thing to me. It just it doesn't feel right to me. I mean, I realize that it's the law and we're required to follow the law, but it really does not feel right to me. I think and I think Justice Hyman had. Well, you're talking to me right now. You're not talking to this assignment. I think I want to hear what you have to say about it. I want to hear what you have to say about it. I've already heard from Justice Hyman on these issues. I'm sure the I think it's it's solid that we have a specific concrete date from which to measure these items. It's not unfair at all, because the insured has means by which they can protect their interest under the policy and identify that they have an actual claim. And it also furthers the insurance companies benefit because then they get to know that there's a claim in the pipeline and they can look at it, resolve it. Jenkins, I mean, obviously, when the insurer is reaching out to his insurer and informing them of the settlement and that. You know, the medicals are in excess of the settlement and, you know, specifically. Says in his communication refers to the underinsured coverage. It may not actually be formally requesting a making a claim. Yes, for advice. Why isn't that enough? Wasn't that enough to toll the running of the period of limitations? Well, I'll just turn to the cases which have addressed that that specifically say, well, I'm focused on the language, the contract. Oh, because the contract says in the Supreme Court has looked at that same language that the action, the language is an action. Well, I just lost my policy. The inaction or demand it requires a form the 2 year limitations as a formal legal proceeding in order to go get the claim if there's a dispute and you have a solid timeline to do that. Maybe the communication within the 2 years that I was referring to. There can be there can be lots of different types of communications between the insurance company and the insured gathering documentation. The cases have addressed situation, but the communication that I was referring to that I was just discussing was that within the 2 year period. In our case, there was no communication within the 2 year period other than a vague reference to notice or not notification that there was an accident and representation by counsel, which is again. So, if in a, if in a case where let's assume then that you had this 2 year. Limitations period in the contract and ensure it waits until I don't know, 1 year and 11 months to make the underinsured claim. And, you know, that that's a process. It takes time. But I think you're what you're saying is that in order to protect that claim from lapsing. That the insured must make a demand for arbitration within the 2 years within you have 30 more days and to make a demand for arbitration. If the Ryan decision by this court in 2011 says the dispositive question is whether there's a suit action or arbitration demand within the 2 year period, a letter is insufficient. Even a reference in a letter to, hey, I may have a you underinsured motors claim. I may have some issues. What do I do next? Or what is my. That doesn't suffice to satisfy the 2 year period. There must be a suit action or arbitration that's filed in the 2 year period. Just take it. Just stretching out. Just as Taylor's example, just a little bit. What if the person is in a terrible car accident and spends a year and 11 months in the hospital? So, they then get out of the hospital, but now they're going to rehab. And they still they have no family. There are people that really don't have a lot of family members that they can rely on. I know family members that they can rely on. So that person is just. Dead underwater, there's nothing they can do because the 2 years have left. They didn't make an arbitration claim. The only thing they can collect is that 20,000 dollars of coverage that's required by the state. And that's it. 1st of all, your honor doesn't feel right. 1st of all, your honor, that's certainly not the facts in this case. We have a person that was represented from the beginning. Secondly, I'm sure there's a tolling on incompetence people. If if the person is incompetent, you're sure or are there? Because it sounds like the country preferred. Really? I'm sure you really like this. I wouldn't say you, but your client really likes this. You know, these are standard provisions. I mean, there there's a million cases, several cases of country. We've read. We've read all the cases. We know about all the cases out there. But that doesn't mean it has to feel right. Okay, everything that's been written in the last 100 years. I mean, much of the stuff been written in the court over the last 100 years. I don't agree with. Anything else Mr. Jenkins, I see my time is up judge. If I further questions, I'm happy to answer him, but we do ask that the summary judgment be affirmed based on the controlling case law. So, thank you. Thank you. Mr. 5 minutes. Yes. This case, the lawsuit with the underinsured motorists did not settle within 2 years. It was still going on and a settlement was only reached after the 2 year period. Now, when was Mr. Kazmierek, there was a reference in your brief to a communication by your client to the insurer, which I think referenced the underinsured coverage. When was that? And what, what did that communication say? I believe that within 2 years. The only thing that is in the record was the letter of initial representation within 2 years that Miss Bennett had was involved in an accident. And we, there was some, there was some communication. By her to the insurance companies, seeking advice regarding the underinsured. I don't believe that was made within 2 years. Okay, I don't want to mislead the court, but it's in the record, but I don't believe that was within 2 years. I know she requested the policy, but that that was after the 2 years. Okay. So, in this case, though, the, you know, the underlying lawsuit was still going on and there'd been no agreement with the underinsured motorists insurer. How in the world can she negotiate and determine whether there's a disagreement as to liability and damages when that case is still going on? She might have. When a contract, this is a contract has a definite date. For claims to be made lawsuits to be filed arbitration to be demanded. That doesn't mean anything. Is that what we need to rule? We're going to be saying that contracts don't mean what they say is that we don't interpret them that way. It's whether the clause demanding that you make your demand, you must make your demand. If there is no agreement. That conflicts with the 2 year provision. This is a direct conflict. You can't say you have to make it. Can't you read them? Can't you read them together? Mr. There's no real. Burden to prove that it's impossible to read it that way. The burden that we have is as bad as is to prove that it can be read either way. Because if it can be read either way, then it's ambiguous and it's construed in her favor as the party who did not draft the contract. With this exact language, we couldn't. I'm not talking exact language. I'm talking. In order, the law says that for you to make a point. You need some law. There's some basis. And you say there is no case in Illinois that has ignored. A term like paragraph 7 here, number 727. You can't give us 1 example of a case where the court has said. No, we're not going to follow that. I don't have a case with that exact language. The exact language, you know, not every case has the exact same language. You know, you, you, you've been a, you're an experienced lawyer. You understand how. Law works and how arguments work and and how precedent works. And so I'm asking for something that a statute, a rule. A case that would allow this to happen. You haven't cited any. I mean, your brief is absent of any support to your position. Well, there are cases that we cite that say, if the policy is ambiguous, then it is construed. And so we find it not ambiguous that case is over. Right. Correct. If the that's the key question is, is there an ambiguity here and in all the cases that were cited by your opponent say that in these circumstances, there is no ambiguity. There are correct in many cases that say the 2 year period for demanding arbitration is valid and can be upheld based on those particular contracts. Okay. The 2 year demand is in there. The arbitration is in there too. I'm looking at it right now. Okay. The. Question then is when must the insured make their demand. This case is directly upon a point and it goes against you. The language you can follow it. It's exact language. All right. Mr. Kisner, your time is up. Any concluding thoughts. All right. This that for the many reasons, but our brief and we cite the policy is ambiguous. And it has 2 choices she can make. She chose 1. And for that reason, we'd ask the summary judgment. Okay. Thank you. Mr. Jenkins for your advocacy this afternoon and for your briefs, the case is submitted. The court will take the matter under advisement and issue a decision in due course. Thank you. Thank you.